WANNIE OLIVER DE LOS SANTOS DIAZ
#00972-138
MOSHANNON VALLEY
CORRECTION FACILITY
555 GEO DRIVE
PHILIPSBURG PA 16866

JOHNSTOWN PA 159

13 AUG 2020 PM 1 T

MVCF APPROVED

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
ONE COURTHOUSE WAY, SUITE 2300
BOSTON, MA 02210

02210+3025

USDC SCREENED

FILED
IN CLERKS OFFICE
2020 AUG 17 AM 11: 44
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WANNE OLIVER DE LOS SANTOS DIAZ<br>PETITIONER (MOVANT)<br><br>V.<br><br>UNITED STATES OF AMERICA | CRIMINAL CASE NO. 1:18-CR-10150-FDS<br>CIVIL CASE NO. |

PRO SE PETITIONER'S SECTION 2255 MOTION TO SET ASIDE VACATE AND DISCHARGE FOR LACK OF JURISDICTION PURSUANT TO THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

COMES NOW PRO SE PETITIONER, RESPECTFULLY MOVE THIS HONORABLE COURT FOR AN ORDER TO SET ASIDE THE SENTENCE, WITHDRAW THE PLEA AND DISCHARGE PETITIONER FOR LACK OF JURISDICTION PURSUANT TO THE FIFTH AMENDMENT. AS GROUNDS THEREFORE PETITIONER STATES:

THE INDICTMENT (ECF NO. 1) FILED MAY 16, 2018, UPON WHICH PETITIONER WAS SENTENCED IS NOT VALID. THE INDICTMENT ECF NO. 1 WAS NOT RETURNED BY A LEGALLY CONSTITUTED GRAND JURY PUBLICLY IN OPEN COURT AS REQUIRED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

THE FIFTH AMENDMENT TO THE UNITED STATES PROVIDES:
"NO PERSON SHALL BE HELD TO ANSWER TO A CAPITAL OR OTHERWISE INFAMOUS CRIMES UNLESS ON A PRESENTMENT OR INDICTMENT

OF A GRAND JURY."

HERE IN THIS CASE, THE DOCKET WHICH PRESENTS PROOF OF ALL PUBLIC PROCEEDINGS HAD IN OPEN COURT PROVES THAT, THERE WAS NO GRAND JURY RETURN PROCEEDING HAD PUBLICLY UPON THE INDICTMENT ECF NO. 1. I.e., WHERE A LEGALLY CONSTITUTED GRAND JURY (BETWEEN 16 AND 23 GRAND JURORS) APPEAR PUBLICLY IN OPEN COURT TO ANNOUNCE THE BILL OF INDICTMENT UNDER THE SOLEMNITY OF AN OATH; MAKE A REPORT OF THEIR FINDINGS TO BE ENTERED INTO THE RECORD: THEN HAND THE BILL OF INDICTMENT TO THE COURT TO CONFER POWER ON THE COURT TO HEAR THE CASE.

THEREFORE, IT CANNOT BE CONCEDED THAT THE INDICTMENT ECF NO. 1 IS AN INDICTMENT FOUND AND RETURNED BY THE GRAND JURY. NOR COULD IT BE CONCEDED THAT IT IS IN DUE AND SOLEMN FORM, WHEN THE EVIDENCE REQUIRED BY LAW TO PROVE THAT THE ACCUSATION WAS SANCTIONED BY THE ACCUSING BODY.

IN COMMONWEALTH V. CAWOOD, 2 VA CAS. 541 (1825), JUDGE BROCKENBROUGH SAID: "THE ACCUSATION IN DUE AND SOLEMN FORM IS AS INDISPENSABLE AS THE CONVICTION"......"IT IS NECESSARY THAT IT SHOULD BE PRESENTED PUBLICLY BY THE GRAND JURY AND THE FACTS RECORDED, THAT IS THE EVIDENCE REQUIRED BY LAW TO PROVE THAT IT IS SANCTIONED BY THE ACCUSING BODY, AND UNTIL IT IS SO PRESENTED BY THE GRAND JURY WITH THE INDORSEMENT THE PARTY CHARGED BY IT IS NOT INDICTED."

In SIMMONS v. COMMONWEALTH, 89 VA. 157, 15 S.E. 387 DECIDED IN 1892, THE COURT SAYS:

"IT STILL DOES NOT APPEAR THAT THE INDICTMENT WAS DELIVERED IN COURT BY THE GRAND JURY AND IT'S FINDINGS RECORDED. THIS OMISSION IS A FATAL DEFECT. NO MAN CAN BE TRIED FOR A FELONY IN THE COURTS OF THIS COMMONWEALTH EXCEPT UPON AN INDICTMENT OF A GRAND JURY, AND THE INDICTMENT TO BE VALID MUST BE PRESENTED IN OPEN COURT AND THE FACT RECORDED. UNTIL THIS IS DONE THE ACCUSED IS NOT INDICTED."

SEE ALSO, UNITED STATES V. RENIGAR, 172 FED. 646 (4TH CIR 1909) AND ANGLE V. UNITED STATES, 172 FED 658 (4TH CIR 1909) WHICH STANDS FOR THE PREPOSITION THAT "IT IS ESSENTIAL TO THE VALIDITY OF AN INDICTMENT THAT IT BE PRESENTED PUBLICLY IN OPEN COURT AND IN THE PRESENCE OF THE GRAND JURY AND THE ABSENCE OF WHICH RENDERS THE PROCEEDINGS ABSOLUTELY VOID."

HERE AS THE RECORD WOULD INDICATE, THERE WAS NO PROCEEDING HAD UPON THE INDICTMENT TO PROVE THAT THE ACCUSATION WAS SANCTION BY THE GRAND JURY. THUS THE SAID INDICTMENT IS NOT VALID UNDER THE FIFTH AMENDMENT AND THEREFORE RENDERS THE JUDGMENT VOID.

IN CRAIN V. UNITED STATES, 162 U.S. 625, 16 SUP. CT

3 OF 5

952, 40 L.Ed. 1077, the court set aside the verdict because the record did not show that the accused was formally arraigned.

REHIGAR V. UNITED STATES, 172 F. 646, 650 (4th Cir 1909) (holding that a valid indictment must be return in open court and failure to do so is a jurisdictional claim). "It is essential to the validity of an indictment that it be presented in open court and in the presence of the grand jury and the absence of which renders the proceeding absolutely void.

THOMPSON AND MERIAM ON JURIES, § 696, said: "The omission to make the proper entry of the return of the indictment cannot be cured by the production of a paper purporting to be the indictment duly indorsed and signed by the foreman of the grand jury, nor will this defect be cured by the defendant pleading upon the merits or by a verdict of guilty."

In REGINA V. HEANE, 9 Coxe, C.C., 433, Chief Justice Cockburn said: "If is made to appear clearly that there was no jurisdiction, we have power to quash the indictment at any stage."

EX PARTE WILSON: 114 U.S 418 (1835) A person sentence to imprisonment for an infamous crime with or without having been presented or indicted by a grand jury, as required by the Fifth Amendment to the Constitution is entitled to be discharged on habeas corpus.

TO CONCLUDE, THERE IS NO TRANSCRIPT OF THE RECORD THAT PRESENTS PROOF OF A GRAND JURY RETURN PROCEEDING HAD PUBLICLY IN OPEN COURT UPON THE INDICTMENT ECF NO. 1, WITH THEIR FINDINGS AS REQUIRED BY LAW TO CONFER POWER ON THE COURT TO HEAR THE CASE.

WHEREFORE, RESPECTFULLY, THIS HONORABLE COURT MUST SET ASIDE THE SENTENCE, WITHDRAW THE PLEA AND DISCHARGE PETITIONER. FOR LACK OF JURISDICTION IN THE INTEREST OF JUSTICE, FAIRNESS AND EQUITY UNDER THE LAWS.

RESPECTFULLY SUBMITTED

WANNE OLIVER DE LOS SANTOS DIAZ. 8/11/2020